IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EZEQUIEL MARTINEZ AS TRUSTEE FOR 9539 EVERTON LAND TRUST,<br><br>    *Plaintiff*,<br><br>v.<br><br>BANK OF AMERICA N.A.; BARRETT, DAFFIN, FRAPPIER, TURNER, & ENGEL, LLP; DON W. LEDBETTER,<br><br>    *Defendants*. | §§§§§§§§§§§§§§<br><br>Civil Action No. SA-12-CV-785-XR |

**ORDER ON MOTION FOR ATTORNEY'S FEES**

On this day, the Court considered Defendants' motion for attorney's fees (Docket Entry No. 26). Having considered the documents, the relevant authority, counsel's detailed expense sheets, counsel's affidavit, and the relevant statutes and case law, the Court GRANTS the motion as follows.

**I. BACKGROUND**

Plaintiff brought suit against Defendants in the 438th Judicial District Court of Bexar County, Texas, alleging: (1) breach of contract; (2) breach of the Texas Civil Practices and Remedies Code Chapter 12; (3) fraud; and (4) quiet title. On August 20, 2012, Defendants filed for removal to this Court based on diversity jurisdiction under 28 U.S.C § 1332. On January 30, 2013, Defendants filed a motion for summary judgment. Plaintiff subsequently sought a dismissal without prejudice. Given the timing of this request, the Court provided Plaintiff the following three options: (1) dismissal with prejudice; (2) dismissal without prejudice on

condition that Plaintiff reimburse Defendants for their reasonable attorney's fees; or (3) withdraw the motion to dismiss and file a response to Defendants' motion for summary judgment.[1]  Plaintiff selected to dismiss without prejudice subject to a judgment for reasonable attorney's fees.

## II. LEGAL STANDARD

The Court is responsible for computing reasonable attorney's fees in the light of work performed on the prevailing claim.[2]

The Court considers the following factors when assessing an award for attorney's fees: (1) the time and labor required for litigation; (2) the novelty of the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved in the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[3]  These factors are comparable to those laid out by the Texas Supreme court, and this Court may rely on them when determining attorney's fees under Texas law which governs in this diversity case.[4]

---

[1] Court's Order granting stipulation of dismissal, May 15, 2013 (Docket Entry No. 23).
[2] *See Chapa*, 212 S.W.3d at 311.
[3] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).
[4] *Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000) ("Because Texas courts engage in similar analysis, it is not necessary to decide whether the *Johnson* factors control in Texas diversity cases.").  In *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997), the Texas Supreme Court identified the following factors: (1) the time and labor required and difficulty of legal questions involved, (2) the likelihood that accepting the case will preclude other employment by the lawyer, (3) the customary fee, (4) the amount involved and the results obtained, (5) the time limitation imposed by the client or the circumstances, (6) the nature and length of lawyer-client relationship, (7) the expertise, reputation, and ability of the lawyers, and (8) whether the fee is fixed or contingent.

## III. ANALYSIS

The parties conferred but could not reach an agreement regarding the reasonableness of attorney's fees. The parties have provided inconsistent estimates as to reasonable attorney's fees for the Defendants' work in preparing the motion for summary judgment.

Plaintiff estimates Defendants' reasonable attorney's fees at $1,000.00, based upon five hours of work at $200.00 per hour.[5] Defendants, however, seek to recover $5,650.00 for 21.60 hours of work.[6] This calculation includes a billing rate of $250.00 per hour for an attorney with three to six years of practice. It also includes a billing rate of $350.00 per hour for an attorney of twenty-one or more years of practice and $100.00 per hour for paralegal time.[7] Ms. Ebeier states she performed 18.7 hours of work drafting and finalizing the motion for summary judgment. Mr. Seewald states that he performed 2.5 hours of work revising the motion. A paralegal performed .4 hours of work assembling the various exhibits to the motion.

This Court generally utilizes a 2011 State Bar Report to calculate a reasonable hourly rate for attorney's fees. This report details attorney hourly rates by year, practice, location and type of practice.[8] Pursuant to this report, the median hourly rate in 2011 for an attorney (Ms. Ebeier) of three to six years of practice was $205.00 per hour. Additionally, the median rate for an attorney (Mr. Seewald) of twenty-one or more years of practice was $268.00 per hour. Defendants' total fees when applying the State Bar Report rates equals $4,543.50 [$3,833.50 (18.7 * $205) plus $670 (2.5 * $268) plus $40 paralegal time].

Mr. Seewald has appeared in the Western District of Texas on 69 foreclosure-related cases since 2010. Ms. Ebeier has appeared in 15 cases. This case was not novel or unique and

---

[5] Plaintiff's Advisory for Att. Fees, May 22, 2013 (Docket Entry No. 24).
[6] Ex. A to Def's Mot. for Att. Fees, Jun 6, 2013 (Docket Entry No. 26).
[7] Defs' Mot. for Att. Fees, Jun 6, 2013 (Docket Entry No. 26).
[8] *Id.*

counsel were already very familiar with many of the issues. Accordingly, counsel time is reduced by twenty percent. Defendants' total fees when applying this reduction equals $3,642.80 [$3,066.80 (14.96 * $205) plus $536 (2.0 * $268) plus $40 paralegal time].

The Court deems this adjusted award the appropriate attorney's fees in this case.

## IV. CONCLUSION

The Court finds Defendants' attorney's fees, as adjusted, as reasonable. It is therefore ORDERED that Defendants are awarded $3,642.80 in attorney's fees.

It is so ORDERED.

Signed this 12th day of September, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE